| | |
|---|---|
| 1 | Eric H. Gibbs (SBN 178658) |
| 2 | Steve Lopez (SBN 300540) |
| | **GIBBS LAW GROUP LLP** |
| 3 | 505 14th Street, Suite 1110 |
| | Oakland, California 94612 |
| 4 | Telephone: (510) 350-9700 |
| 5 | Facsimile: (510) 350-9701 |
| | ehg@classlawgroup.com |
| 6 | sal@classlawgroup.com |



FILED

SEP 26 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee Paid

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANNA KABBASH, on behalf of herself and all others similarly situated, | Case No. CV- 16-80202 -MISC. |
| Plaintiff, | Underlying Case No. A-16-CA-212-SS pending in the Western District of Texas, Austin Division |
| vs. | |
| THE JEWELRY CHANNEL, INC. USA d/b/a LIQUIDATION CHANNEL, | **CLASS ACTION** |
| Defendant. | **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA** |

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA
CASE NO.

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that as soon as counsel may be heard in the United States District Court for the Northern District of California, non-party Gibbs Law Group LLP will and hereby does move this court for an order quashing the subpoena directed to Gibbs Law Group issued on September 14, 2016 by Defendant Liquidation Channel in the underlying action, Case No. A-16-CA-212-SS, currently pending in the Western District of Texas, and for an order awarding Gibbs Law Group its costs and fees incurred in responding to and challenging this subpoena. This motion is made pursuant to 45 of the Federal Rules of Civil Procedure. Counsel met and conferred on September 14, 2016 and were unable to resolve the issues that are the subject of this motion.

This motion is based on this notice of motion and motion, the memorandum of law filed in support of this motion, all pleadings and papers on file in the underlying action, and such other and further evidence and argument, both written and oral, as may be presented to the Court.

Dated: September 25, 2016

Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: _____
Steve Lopez

Eric Gibbs
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
sal@classlawgroup.com

---

i

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA
CASE NO.

## MEMORANDUM OF POINTS AND AUTHORITIES

The underlying case is a proposed consumer protection class action that concerns Defendant Liquidation Channel, a home-shopping television channel and website that sells jewelry and accessories. Plaintiff Lianna Kabbash alleges Defendant misleadingly suggests its merchandise is steeply discounted by advertising an "estimated retail value" that does not represent an accurate retail price or value.

Defendant has now served a subpoena (attached as **Exhibit A**) on Plaintiff's counsel, Gibbs Law Group LLP, seeking to obtain information about anyone who contacted counsel in connection with this proposed class action.[1] *None* of these individuals are parties to this action, and *all* their communications with Plaintiff's counsel are confidential, private, and protected by attorney-client privilege. Settled law holds such preliminary consultations between non-parties and Plaintiff's counsel are confidential, privileged, and private. The subpoena should be quashed.

## FACTS

In the underlying action, Judge Sam Sparks bifurcated class and merits discovery and ordered Plaintiff Kabbash to move for class certification by November 18, 2016. To date, Plaintiff Kabbash has responded to written discovery and sat for a deposition on July 28, 2016. Following the August 24, 2016 deposition of Defendant's 30(b)(6) witness, however, Defendant requested that Plaintiff Kabbash provide copies of all correspondence from anyone who may have contacted Plaintiff's counsel about this case.

Plaintiff's counsel Gibbs Law Group LLP maintains a case information page on their law firm websites (www.girardgibbs.com and www.classlawgroup.com) that provides putative class members information on the lawsuit. Putative class members with questions about their legal rights may contact the firm for more information on the case or a free consultation. *See* http://girardgibbs.com/liquidation-channel/. Specifically, this page includes a form where visitors can email a message to "an attorney" to receive "free and confidential consultations."

---

[1] Gibbs Law Group's main office is in Oakland, California. Defendant has also served the same subpoena on Plaintiff's counsel Greg Coleman Law, P.C., located in Knoxville, Tennessee, which is the Eastern District of Tennessee. It is separately moving to quash the subpoena served on it in that district.

1   According to Defendant, a discovery request served on July 21, 2016 in the underlying litigation
2   (attached as **Exhibit B**), which asked Plaintiff to produce written communications between Ms.
3   Kabbash and any third party concerning the action, also requires counsel to produce copies of all
4   correspondence from anyone who may have contacted counsel about this case. After Plaintiff expressed
5   concern with providing privileged communications with individuals who may be absent class members,
6   the parties agreed to confer by telephone. At the September 14 conference, Plaintiff stated that
7   communications made by and to counsel did not appear to fall within the request for communications
8   by Plaintiff Kabbash and in any event were not discoverable because they are confidential, private, and
9   privileged. In response, Defendant insisted its pending request required this information to be produced
10  in the underlying litigation and that it may move to compel, but that in the meantime it would serve a
11  subpoena on Plaintiff's counsel as well.

12  When asked about the relevance and need for confidential communications with individuals
13  seeking legal advice, Defendant simply recited the elements of Rule 23. Defendant also stated that not
14  all such communications were privileged. Plaintiff's counsel disagreed and explained that it would
15  face an undue burden in complying within the short time envisioned by a subpoena, because the
16  privilege was not counsel's to waive and California privacy law requires notice and an opportunity for
17  absent class members to object prior to disclosure that they contacted an attorney. In response,
18  Defendant simply asserted that Plaintiff's counsel could respond as it felt appropriate and served the
19  subpoenas later that day.

## ARGUMENT

**I.    The Requested Communications Plainly Fall Within the Attorney-Client Privilege**

The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services. The privilege exists to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). As the Ninth Circuit has recognized, the attorney-client privilege protects the communications of those who consult an attorney for the purposes of "retaining the lawyer, securing legal service, or securing advice," even when no attorney-client relationship is formed. *Barton v. U.S.*

1  *Dist. Ct. for Central Dist. Of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005).

### A. All Responsive Communications Were Made to Obtain Legal Advice, Services, or Representation

All responsive communications in possession of Gibbs Law Group are communications with individuals seeking to obtain legal advice, services, or representation. These communications "are plainly covered by the attorney-client privilege under California law, regardless of whether [individuals] have retained the lawyer, and regardless of whether they ever retain the lawyer." *Barton*, 410 F.3d at 1111.

The attorney-client privilege is not limited to communications made by the attorney, but protects communications made by clients and *potential* clients for the purpose of seeking professional legal advice as well. *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977); *see Upjohn*, 449 U.S. at 395 ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). As a result, communications conveying information for the purpose of seeking legal advice or counsel are privileged as well.

### B. Nature and Context of Responsive Documents Demonstrates They Are Privileged

All communications responsive to the subpoena are by definition communications between Gibbs Law Group and individuals relating to or concerning "being a class representative" or "being a class member." Generally, communications to a law firm "relating to or concerning" these issues qualify as requests for advice from an attorney in his or her professional capacity about an individual's legal rights, such as whether the individual may fall within a proposed class definition or how the lawsuit may affect them. These communications may also include background information provided to enable an attorney to provide sound and informed advice. These plainly constitute requests for legal advice or legal services.

The context in which the responsive communications were made further suggests that individuals sought to provide confidential information to an attorney in order to seek their professional advice or representation. As the Ninth Circuit recognized in a similar case concerning whether online questionnaires submitted by individuals were privileged, it can be fairly inferred that most individuals

providing information to the firm seek legal representation, services, or advice:

> The questionnaire is ambiguous [about seeking to represent potential class members], but the plaintiffs should not be penalized for the law firm's ambiguity. . . . A layman seeing the law firm's internet material would likely think he was being solicited as a potential client. In all likelihood, a very high proportion of questionnaire submitters completed the questionnaire with a view to retention of the law firm and thus submitted them in the course of an attorney-client relationship.

*Barton*, 410 F.3d at 1110.

Much like *Barton*, all responsive communications are email communications to Gibbs Law Group by individuals who filled out a form on the firm's website or case information page seeking to contact an attorney for a "free consultation" about their legal rights. The case information page also states that individuals may "contact our consumer lawyers today to find out if you may have a claim" or to "fill out the form for a free consultation with our consumer lawyers." Images of the forms that individuals utilized to send communications are below:

 

As is evident from their context, communications sent through these forms were clearly directed to be confidential communications to attorneys to seek legal representation or advice.

4
NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA
CASE NO.

### C. Communications Also Implicate Class Members' Privacy Rights

Absent class members also have privacy rights that may grant them additional protections. For example, California courts have recognized that the right to privacy may protect against disclosure of the identities of those contacting attorneys. *See Sinohui v. CEC Entm't, Inc.*, EDCV 14-2516, 2016 WL 2743458, at *7 (C.D. Cal. May 11, 2016); *Tien v. Superior Court*, 139 Cal. App. 4th 528 (Cal. Ct. App. 2006). A court should carefully balance the privacy rights of third-party absent class members with the right of a civil litigant to discover relevant facts, considering the need for such information, purpose for which it will be used, availability of less intrusive means, and effect on the affected parties. *Tien*, 139 Cal. App. 4th at 539-40.

For its part, Defendant has never even explained the relevance of, let alone justified the need for, the private, confidential, and privileged information it is requesting by subpoena for use in the underlying action. Why does Defendant need to know which of its customers contacted Gibbs Law Group about the underlying litigation and what they said to counsel? The request appears to be nothing more than an attempt to intimidate customers who sought legal advice, to solicit opt-outs harmful to the underlying class proceedings, and to deter other customers from exercising their right to consult counsel about the underlying action.

Even assuming for argument's sake that the information sought was discoverable and Defendant could show that the need for the information outweighs the privacy rights of customers, customers would still be entitled to notice of the discovery request and an opportunity to object to the invasion of their privacy before disclosure. *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 659 (Cal. 1975); *see Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 374 (Cal. 2007).

## II. The Subpoena Should Be Quashed Because Defendant Has Not Shown That Discovery of Absent Class Members is Needed

Rule 45 protects a subpoenaed party from undue burden and Rule 26 provides that the Court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp.

3d 1215, 1217 (N.D. Cal. 2015). Here, the subpoena should be quashed because it seeks privileged communications and the burden of discovery is disproportionate to the needs of the case.

### A. Defendant Cannot Demonstrate How the Requested Information is Needed

Defendant's subpoena seeks discovery of the privileged communications of potential absent class members, but Defendant has not even explained, let alone demonstrated, the likely benefit of receiving such information to the case. When asked why the communications were relevant, Defendant simply listed the elements of Rule 23. But the typicality and adequacy of the proposed class representative have nothing to do with the communications of others who contacted counsel. Likewise, the existence and predominance of common questions pertains to Liquidation Channel's conduct. To the extent that the experience of its customers is relevant at all, Defendant has not explained why discovery from the named Plaintiff in the underlying action is insufficient for it to prepare its opposition to Plaintiff's motion for class certification (which has not even been filed). The class device specifically contemplates adjudication by representation, with the named Plaintiff serving as a typical and adequate representative for others who are similarly situated and too numerous to be joined in any practicable way. Indeed, Rule 23 does not intend that "members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail." *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (WD Ky. 1971). Defendant has had every opportunity to obtain discovery from the named Plaintiff, and the need for discovery from counsel, a non-party, apart from being improper, cannot be justified. This is especially so given that Defendant, a direct seller, already has sales information concerning other customers and has had a full opportunity to investigate the named Plaintiff.

The request is also entirely duplicative of discovery Defendant has sought in the underlying litigation. Although counsel for Plaintiff does not believe this information is discoverable from either Plaintiff or her counsel, Defendant has maintained this same information is separately available in the underlying action, and has suggested it may move to compel the production of this information from the Plaintiff in the underlying action. Therefore, it cannot establish a need for non-party discovery from counsel.

///

### B. Defendant's Request Create Significant Burdens on Third Parties

Defendant's request imposes significant burdens. As already discussed, privacy rights recognized by California law require that individuals receive notice and an opportunity to object before any disclosure is made. The costs of that notice program could be significant, and counsel reserves the right to request that these (and other) costs be shifted to Defendant in the unlikely event the Court finds the information sought is not privileged or confidential and otherwise is discoverable. *See* Fed. R. Civ. P. 45(d)(2)(B)(ii) (permitting cost-shifting). Apart from the undue burden on counsel, Defendant's request also imposes a burden on those individuals who will then have the obligation to speak up or take other action in order to protect their privacy, including potentially obtaining legal representation to assist them in responding. And even customers who have not contacted counsel may be burdened, as their right to seek counsel would be chilled.

Lastly, courts have found that discovery of absent class members is generally improper. Particularly before class certification, courts are wary of permitting absent class member discovery, as it defeats the purpose behind Rule 23 by scrutinizing absent class members rather than the proposed class representative. *See Fischer v. Wolfinbarger*, 55 F.R.D. at 132. Disclosure of their communications with counsel implicates their interests and improperly shifts the focus of the analysis away from Plaintiff Kabbash.

### CONCLUSION

For the reasons just discussed, Gibbs Law Group respectfully requests that the Court quash the subpoena, and it reserves the right to seek costs and attorneys' fees in responding to and challenging the subpoena.

Dated: September 25, 2016                    Respectfully submitted,

                                             **GIBBS LAW GROUP LLP**

                                             By: _____
                                                 Steve Lopez

                                             Eric Gibbs

505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
sal@classlawgroup.com

8

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA
CASE NO.